Tompkins, J.,
delivered the opinion, of the Court.
Grimsley brought his action of ejectment against White in the Circuit Court of" St,,Louis county j-judgment was th,ere given for White, the-defendant. To reverse this judgment Grimsly appeals.
Grimsley and White, it appears by the facts preserved in the bill of exceptions, were joint purchasers of a lot in the city of St. Louis, bounded on the east by Church or Second street, and on the south by north C. street. This lot extending fifty feet,, by estimation, on Church street, by one hundred and- twenty feet on north C. street,, at right angles with, Church, street, veas divided between, them by deed, of partition *33 executed by each party, containing the usual covenants 5 each party took an estate in fee simple in his share. Grimsley’s portion was bounded by north C. street on the south, and extended 20 2-100 feet along the Second or Church street to the corner of White. At the close of the deed of partition, and after each party had Conveyed to the dthdr an estate in fee, in his respective portion, comes another provision in the following words: “ it is further covenanted, understood, and agreed upon, by and between thfe parties to these presents, that whereas in the within mentioned allotment or partition, there are three feet and fifty-two hundredths of a foot of ground appertaining to Thornton Grimsley, and on which the smith end of said Joseph White’s house is now erected, and whereas the said Thornton Grimsley lias a part of his house erected on north C. street, now if at any time hereafter, or as soon hereafter as the corporation of the city of St. Louis, or any other competent authority, shall demand or require from the said Thornton Grimsley the said quantity which he enjóyá cm said north C. street, then on demand of the said Thornton Grimsley, his heirs or assigns, to said Joséph Whité, his heirs or assigns, he, the said Joseph White, his heirs or assigns, shall without delay abandon or remove from the said three feet and fifty-two hundredths of a loot of ground, running, &c., (describing the line between White and Grimsley,) to be possessed and enjoyed by the said Thornton Grimsley, his heirs and assigns, as herein intended in the part allotted to him by these presents; in witness,” &c. The deed of partition here concludes. Much testimony was given to prove a demand by competent authority from Grimsley, lor the quantity which he enjoyed on said north C. street, about the effect of which the different members of the Court entertain different opinions; but being of opinion that the case may be decided from the face of the deed itself, we pass on to the deed. '
It was before observed, an absolute' estate in fee had been in the first part of the deed of partition made to Grimsley by While: the words are not quoted, because no doubt as to their import was expressed, and at the close of the deed comes the covenant of White, that he will, on the happening of a certain event, do what he had already by his deed said Was done, that is, give Grimsley possession of the land described, so that he might enjoy the estate conveyed to him. There is no covenant 01s the part of Grimsley, that White shall enjoy this land till the happening of the events in the deed mentioned. Shepherd’s 'íomchstoite, pages 86-7, has been referred to, to show that all parts Of the' deed must be taken together in construing it, and that we must he liberal in the construction of words mí res magis valeat quam pereat, to comply with the intention of the parties: in a note to page 87 of the same author, it is said that a distinction obtains betwixt a deed poll and an indenture; that the latter is to be regarded as the words of both parties. Now admit this rule, and we have only the words of both parties that White would, on a certain contingency, deliver up some of Grimsley’s land, which he had just before granted to him absolutely, and covenanted with him for quiet enjoyment, &c.
White seems to he rather a tenant by sufferance of Grimsley. The Circuit Court had instructed the jury that Grimsley could not recover under said deed the land sued for, unless he proved that a demand had, by the corporation of the city of St. Louis, of some competent authority, been made of him, of the quantity which he enjoyed on north C. street. This instruction we think should not have been given, but the jury should have been instructed that Grimsley coul.d recover under the deed without proving a demand.
*34 The judgment of the Circuit Court is therefore reversed,., and the cause remanded, to be proceeded on in conformity with.this.opinion.